UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ERIN FREDERICKS,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

Defendant.

No.  2:15-cv-2548-EFB

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  The parties' cross-motions for summary judgment are pending.  Also pending is the court's September 1, 2016 order to show cause why sanctions should not be imposed for the Commissioner's failure to timely file her motion.  ECF No. 17.  For the reasons discussed below, the order to show cause is discharged, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.     ORDER TO SHOW CAUSE

On August 9, 2016, the court approved the parties' second stipulation to extend the date for the Commissioner to file her cross-motion for summary judgment and ordered the

Commissioner to file her motion by August 24, 2016.  ECF No. 16.  The Commissioner failed to do so and was order to show cause why sanctions should not be imposed for violation of that order.  ECF No. 17.  In response, counsel for the Commissioner explains that the failure to timely file the motion was due to a calendaring error.  ECF No. 18.  Counsel also has taken responsibility for the error, apologized for the violation of the order, and assured the court that additional measures have been implemented to ensure compliance with court orders.  *Id.*

In light of counsel's representations, the order to show cause is discharged and no sanctions are imposed.

## II.     BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since October 1, 2007.  Administrative Record ("AR") 221-228.  Plaintiff's applications were denied initially and upon reconsideration.  *Id.* at 146-157, 163-174.  On February 3, 2014, a hearing was held before administrative law judge ("ALJ") Trevor Skarda.  *Id.* at 38-52.  Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified.  *Id.*

On March 10, 2014, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1]  *Id.* at 19-31.  The ALJ made the

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq.*  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically

2

following specific findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2010 (Exhibit 4D, page 1).

2.  The claimant has not engaged in substantial gainful activity since October 1, 2007, the alleged onset date (Exhibit 4D, page 2; Exhibit 1E, page 1; see 20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.  The claimant has the following severe impairments: diabetes mellitus, degenerative disc disease status post surgery, morbid obesity, depression, and post-traumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

    * * *

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

    * * *

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with lifting/carrying and pushing/pulling up to 20 pounds occasionally and 10 pounds frequently; occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and crawling; and no more than simple, routine and repetitive work with occasional public interaction.

    * * *

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

---

determined disabled.  If not, proceed to step four.
    Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
    Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

    The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

3

\* \* \*

7.  The claimant was born [in] 1965 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 21-31.

Plaintiff's request for Appeals Council review was denied on October 13, 2015, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-5.

III.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

1    "The ALJ is responsible for determining credibility, resolving conflicts in medical

2    testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

3    2001) (citations omitted). "Where the evidence is susceptible to more than one rational

4    interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

5    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

6    IV.    UNDERLINE_ANALYSIS

7         Plaintiff argues that the ALJ erred by rejecting his examining physician's opinion without

8    providing legally sufficient reasons. ECF No. 12 at 5-11.

9         The weight given to medical opinions depends in part on whether they are proffered by

10   treating, examining, or non-examining professionals. *Lester*, 81 F.3d at 834. Ordinarily, more

11   weight is given to the opinion of a treating professional, who has a greater opportunity to know

12   and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.

13   1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to

14   considering its source, the court considers whether (1) contradictory opinions are in the record;

15   and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a

16   treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81

17   F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional

18   may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.

19   *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is

20   contradicted by a supported examining professional's opinion (e.g., supported by different

21   independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d

22   1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

23   However, "[w]hen an examining physician relies on the same clinical findings as a treating

24   physician, but differs only in his or her conclusions, the conclusions of the examining physician

25   are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

26        Plaintiff underwent a Mental Health Disability Evaluation on November 11, 2012, which

27   was conducted by examining physician Dr. Paul Martin, Ph.D. AR 641-643. Based on the

28   examination, Dr. Martin opined that plaintiff had no difficulty in understanding, remembering,

1  and carrying out simple, as well as detailed and complex, instruction; mild difficulty maintaining

2  attention and concentration, enduring stress, and moderate difficulty with pace and persistence.

3  *Id*. at 643.  It was also his opinion that plaintiff is moderately impaired in his ability to interact

4  with the public, supervisors, and coworkers, and that he is likely to have moderate difficulty

5  adapting to changes in routine work-related settings.  *Id.*

6      The record also contains opinions from two non-examining sources, Dr. Barbara Maura,

7  Psy.D., and Dr. A. Garcia, M.D.  AR 72-73, 116-117.  Dr. Maura opined that plaintiff could

8  understand and remember simple and complex tasks, would require limited public contact, but

9  could interact appropriately with peers and supervisors, and had an adequate adaptation capacity

10 for performing simple 1-2 step tasks and most 2-3 step tasks.  *Id*. at 73.  Dr. Garcia agreed with

11 Dr. Maura's opinion.  *Id*. at 117.

12      In assessing plaintiff's residual functional capacity, the ALJ concluded that opinions from

13 Drs. Martin, Maura, and Garcia supported the finding that plaintiff's mental impairments limited

14 him to no more than simple work with occasional interaction with the public.  AR 29.  Plaintiff

15 argues that despite the ALJ's apparent acceptance of Dr. Martin's opinion, the ALJ actually

16 rejected portions of that opinion without explanation.  Specifically, plaintiff argues that the ALJ

17 failed to give any explanation rejecting Dr. Martin's opinion that plaintiff has moderate difficulty

18 interacting with others and adapting to changes in routine work-related settings.  ECF No. 12 at 6.

19      The Commissioner, relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008),

20 argues that the ALJ's RFC determination fully accounted for Dr. Martin's opinion, including the

21 limitations with adapting to changes and interacting with coworkers and supervisors, because it

22 limited plaintiff to simple, routine repetitive work with only occasional public interaction.  In

23 *Stubbs-Danielson* the U.S. Court of Appeals for the Ninth Circuit held that "an ALJ's assessment

24 of a claimant adequately captures restrictions related to concentration, persistence, and pace

25 where the assessment is consistent with restrictions identified in the medical testimony."  *Id*. at

26 1174.  The medical testimony relied upon by the ALJ in Stubbs-Danielson found that the plaintiff

27 retained the ability to perform simple tasks notwithstanding some evidence that the plaintiff had

28 deficiencies in pace. *Id.*

1    The Commissioner's reliance on *Stubbs-Danielson* is misplaced.  Dr. Martin did not opine

2    that plaintiff had the ability to perform simple, routine repetitive work with only occasional public

3    interaction despite his moderate limitations in adapting to changes and interacting with others.

4    Rather, Dr. Martin noted that plaintiff has no difficulty understanding, remembering, and carrying

5    out simple and complex instructions, but opined that he has moderate difficulty adapting to

6    changes and interacting with not only the public but also supervisors and coworkers.  The ALJ's

7    finding that plaintiff had the capacity for simple, routine, and repetitive work with occasional

8    public interaction did not fully reflect Dr. Martin's opinion.  *See Bagby v. Comm'r Soc. Sec.*, 606

9    F. App'x 888, 890 (9th Cir. 2015) (finding that ALJ's RFC determination limiting plaintiff to

10   "simple, repetitive tasks, no contact with the public, and occasional interaction with coworkers"

11   failed to incorporation physician's opinion that claimant was limited in her ability to "respond

12   appropriately to usual work situations and to change in a routine work setting.").  There may have

13   been reasons for not accepting Dr. Martin's opinion in that regard, but they are not stated in the

14   ALJ's decision and the court declines to speculate as them.

15        As the ALJ provided no reason for rejecting portions of Dr. Martin's examining opinion,

16   and those portions are material to the outcome, the matter must be remanded for further

17   administrative proceedings.  *See Lester*, 81 F.3d at 830-31 (failure to provide specific and

18   legitimate reasons for rejecting a contradicted examining opinion constitutes reversible error).

19   V.    <u>CONCLUSION</u>

20        Accordingly, it is hereby ORDERED that:

21        1.  Plaintiff's motion for summary judgment is granted;

22        2.  The Commissioner's cross-motion for summary judgment is denied;

23        3.  The matter is remanded for further proceedings consistent with this order; and

24        4.  The Clerk is directed to enter judgment in plaintiff's favor.

25   DATED:  March 15, 2017.

26                                    EDMUND F. BRENNAN
27                                    UNITED STATES MAGISTRATE JUDGE

28

                                         7